IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.  5:23-cv-1251 |
| DAVIDE COON AND APRIL ASHBAUGH, | § § § § § | |
| DEFENDANTS. | § | |

## COMPLAINT FOR INTERPLEADER

Plaintiff Primerica Life Insurance Company ("Primerica") files this Complaint for Interpleader, and states:

## PARTIES

1.  **Plaintiff.**  Primerica is a Tennessee insurance corporation with its principal place of business in Duluth, Georgia.  Primerica is a citizen of Tennessee and Georgia within the meaning of 28 U.S.C. § 1332(c).

2.  **Defendant Davide Coon.**  Defendant and claimant Davide Coon ("Davide") is an individual and citizen of Texas, and currently resides at 11931 William Carey, San Antonio, Texas 78253.

3.  **Defendant April Ashbaugh.**  Defendant April Ashbaugh ("April") is an individual and citizen of Texas, and currently resides at 807 Grants Canyon, San Antonio, Texas 78251.

## JURISDICTION AND VENUE

4.  **Jurisdiction.**  This Court has jurisdiction under 28 U.S.C. § 1332, as there is complete diversity between Primerica, on the one hand, and Davide and April (collectively, the "Defendants"), on the other hand, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.  **Venue.**  Venue is proper in this Court under 28 U.S.C. § 1391 as at least one of the Defendants resides in this district and all Defendants reside in this state.

## OPERATIVE FACTS

6.  **The Policy.**  On July 25, 2016, Primerica issued its policy no. 0490379937 (the "Policy") to Davide.  Among other things, the Policy had a "Spouse Term Insurance Rider" (the "Rider"), under which Amber Coon ("Amber") was originally provided life insurance coverage in the amount of $250,000.  Davide designated himself as the primary beneficiary of Amber's life insurance coverage under the Rider and, Amber's mother, April, was designated as the contingent beneficiary.

7.  **The Change in Ownership of the Policy.**  On June 6, 2019, Davide transferred ownership of the Policy, including the Rider, to Amber.  However, no changes were made to the beneficiary designations.

8.  **The Divorce.**  Although Primerica did not know it at the time, on December 30, 2022, Davide and Amber were divorced.  Section 9.301 of the Texas Family Code provides that:

> (a)  If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time

of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:

> (1)   the decree designates the insured's former spouse as the beneficiary;
>
> (2)   the insured re-designates the former spouse as the beneficiary after rendition of the decree; or
>
> (3)   the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
>
> (b)   If a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

The divorce decree does not designate Davide as the beneficiary of Amber's life insurance coverage under the Rider. Additionally, after the divorce, Davide was never re-designated as the beneficiary under the Rider.

9. **Amber's Death**.  Amber died on July 8, 2023. Because the Policy had an "Increasing Benefit Spouse Rider," at the time of her death, the Rider provided $400,000 in life insurance benefits (the "Proceeds").

10. **Primerica's Possible Double or Multiple Liability.**  On or about August 30, 2023, Primerica received Davide's written claim for the Proceeds. However, April has also claimed the Proceeds, alleging that Amber did not intend for Davide to be the beneficiary under the Rider and he should be disqualified because of the divorce.

Pursuant to above referenced state statute, Davide may not be entitled to the Proceeds. Accordingly, Primerica has reasonable doubt as to whom, between Davide, on

the one hand, and April, on the other hand, is entitled to the Proceeds. Primerica seeks resolution of conflicting claims in good faith. Primerica is or may be exposed to double or multiple liability. Primerica has no interest whatsoever in the Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party. Accordingly, Primerica has no independent liability to either of the Defendants and is a disinterested stakeholder in this case.

11. **Retention of Counsel**. As a result of the present controversy, Primerica had to retain the undersigned counsel and has agreed to pay attorneys' fees and costs of Court.

## CLAIMS FOR RELIEF

12. **Interpleader**. Primerica has a good faith doubt as to whom the Proceeds are owed. Primerica admits its obligation to pay the Proceeds but cannot pay those Proceeds in the face of possible competing claims without subjecting itself to the possibility of double or multiple liability. Primerica is a disinterested stakeholder with respect to the Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader. Furthermore, Primerica has no independent liability to any claimant in this interpleader. Primerica shall, upon the granting of its interpleader, pay into the Registry of the Court the Proceeds, together with any legal interest due thereon through the date of the interpleader.

13. **Attorneys' Fees**. Primerica is entitled to its reasonable and necessary attorneys' fees and costs in connection with its claim for interpleader.

# PRAYER

14. **Relief Requested.**  Primerica respectfully requests the following relief:

   a. That Defendants be served with process and be required to answer in the time and manner prescribed by law;

   b. That the Court grant the interpleader and accept the Proceeds into its Registry;

   c. That each of the Defendants be ordered to interplead and settle among themselves their rights and claims for the Proceeds;

   d. That upon final hearing, the Defendants, for themselves, their heirs, legal representatives, successors, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States Court against Primerica and its agents and representatives regarding the Rider or the Proceeds;

   e. That Primerica be awarded its reasonable attorneys' fees and costs of Court in connection with this interpleader;

   f. That Primerica, its agents and representatives be fully and finally discharged from further liability to the Defendants; and

   g. That the Court grant Primerica all such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: */s/ Bill E. Davidoff*
    Bill E. Davidoff
    State Bar No. 00790565
    Attorney-in-Charge
    bill.davidoff@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
Tel: 214.939.2000
Fax: 214.939.2090

ATTORNEYS FOR PLAINTIFF
PRIMERICA LIFE INSURANCE COMPANY